| STATE OF LOUISIANA | * | NO. 2023-KA-0540 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| CHRISTOPHER M ALEXANDER | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**ERVIN-KNOTT, J., CONCURS WITH REASONS**

I respectfully concur with the majority's opinion. I write separately to point out that upon reviewing the record on appeal, I find there were no errors patent present.[1] As pointed out by the majority, there was sufficient circumstantial evidence presented at trial where a rational trier of fact could have concluded that defendant was the shooter - (1) defendant was jealous of his ex-girlfriend's relationship with the victim; (2) defendant was familiar with the area and was in the area near the crime scene at the time of the shooting; and (3) defendant's story about "Cherry" was far-fetched and unsupported by competent evidence. Further, a rational trier of fact could have concluded that the defendant intentionally obstructed justice when he deleted from his cell phone the phone call to the cab company (and no other phone calls on the date of the shooting), which placed him in the area of the crime scene at the time of the shooting. Accordingly, I find the evidence was sufficient to support defendant's convictions for second degree murder and obstruction of justice.

---

[1] In accordance with La. C.Cr.P. art. 920(2), all appeals are reviewed for errors patent on the face of the record. La. C.Cr.P. art. 920(2) provides that an error patent is "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." *State v. Duckett*, 2019-0319, p. 8 (La. App. 4 Cir. 12/18/19), 288 So. 3d 167, 174 n.3.